IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOAN FALLOWS KLUGE,           *

       Plaintiff,                    *

      v.                                *          Civil No. L-10-00022

LIFE INSURANCE COMPANY      *
OF NORTH AMERICA               *

       Defendant.                  *

*************

## MEMORANDUM

Plaintiff, Joan Fallows Kluge ("Joan"), alleges that John Kluge ("John"), her ex-husband, named her as the sole beneficiary of his supplemental life insurance policy (the "Policy"). Following John's death in an automobile accident, Joan made a claim for benefits under the Policy. The plan administrator denied Joan's claim because John never fulfilled the plan's "Insurability Requirement." After exhausting her appeal rights under the plan, Joan filed the instant suit.

Now pending are Joan's Motion for Leave to Amend her Complaint (Docket No. 19) and Defendant Life Insurance Company of North America's ("LINA") Motion to Dismiss, or in the alternative, for Summary Judgment (Docket No. 15). No hearing is necessary to decide this matter. See Local Rule 105.6 (D. Md. 2008). The Court will GRANT the Motion to Amend, meaning that the Amended Complaint is the operative pleading.

Having reviewed the record, however, the Court finds that LINA is entitled to summary judgment. It is undisputed that John never fulfilled the plan's Insurability Requirement and, therefore, that the policy never became effective. Given these facts, the plan administrator properly denied Joan's claim for benefits. Accordingly, the Court will, by separate Order of

even date, GRANT LINA's motion.

## I. BACKGROUND

Joan filed her Complaint in the Circuit Court for Cecil County, Maryland on December 2, 2009. Joan styled her Complaint as a claim for breach of contract. She alleged that Cigna Corporation ("Cigna Corp."), Cigna Group Insurance ("Cigna Group"), and LINA wrongfully denied her claim for benefits under a supplemental life insurance policy allegedly issued to her late ex-husband, John.

The Defendants removed the case to this Court on January 7, 2010. On February 26, 2010, the Defendants filed a motion to dismiss, contending that the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, preempts Joan's breach of contract claim.[1] Although ERISA permits a beneficiary of a plan to bring a civil action to recover benefits due, LINA argued that the Complaint failed to state a claim upon which relief could be granted.

On April 12, 2010, Joan filed a motion for leave to amend her Complaint. Anticipating that LINA would renew its Motion to Dismiss, Joan argued that her Amended Complaint rendered LINA's Motion moot. On April 29, 2010, LINA filed an opposition to Joan's Motion to Amend and renewed its Motion to Dismiss.

## II. DISCUSSION

The pending motions turn on whether Joan's Amended Complaint is viable. If it is not, the Court may deny her Motion to Amend as futile. If the Amended Complaint is viable, however, the Court may grant the Motion to Amend. LINA's Motion to Dismiss would nevertheless be converted into a motion for summary judgment because it refers to materials

---

[1] Cigna Corp. and Cigna Group also argued that they were not proper defendants. Joan agreed and voluntarily dismissed them on April 12, 2010. (Docket No. 18.)

2

outside of Joan's Amended Complaint.

### A. Motion to Amend

#### 1. Standard of Review

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading is "freely given when justice so requires." This is a liberal rule that "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted). Leave to amend may be denied, however, when granting the motion "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Id.

#### 2. Analysis

In Joan's Amended Complaint, she alleges that LINA erred in denying her claim for benefits. ERISA Section 502(a)(1)(B) permits a participant or beneficiary of a plan to bring an action to recover benefits due under the terms of that plan. See 29 U.S.C. § 1132(a)(1)(B). The essential facts alleged in Joan's Amended Complaint are as follows.

Joan alleges that John was enrolled in the Policy on or before July 8, 2008, and that she was the sole beneficiary of the Policy. (Am. Compl. ¶ 3.) Joan also contends that premiums were deducted from John's salary for at least six months, and that he received a policy number for his supplemental life insurance. (Id. at ¶¶ 4-5.)

According to Joan's Amended Complaint, John was involved in a fatal car accident on December 14, 2008. (Id. at ¶ 8.) Joan alleges that, on December 19, 2008, she made a claim under the Policy. LINA denied the claim on January 21, 2009. (Id. at ¶¶ 10-11.) Joan appealed the decision and lost. (Id. at ¶ 12.) In her Amended Complaint, Joan alleges that the denial of

3

the appeal was an unreasonable abuse of discretion. (Id. at ¶ 13.)

The language of the plan expressly conferred discretionary authority on LINA to determine eligibility for benefits and to interpret the terms of the plan. (Def.'s Ex. A at KLUGE00021-22.) Therefore, Joan's Amended Complaint states a viable claim under ERISA. See Firestone Rubber Co., 489 U.S. 101, 102 (1989) (holding that to bring a claim for abuse of discretion under ERISA Section 502(a)(1)(B), the benefit plan must expressly give "the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's term"). Accordingly, Joan's Motion for Leave to Amend is GRANTED.

**B. Motion to Dismiss, or in the alternative, Motion for Summary Judgment**

In its Motion, LINA refers to its final decision on Joan's administrative appeal. (See Def.'s Opp. at 7; see also Def.'s Ex. B). Accordingly, LINA's Motion to Dismiss must be converted to a Motion for Summary Judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")[2]

**1. Standard of Review**

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses

---

[2] Rule 12(d) also requires the Court to give all parties "a reasonable opportunity" to present pertinent materials. Fed. R. Civ. P. 12(d). Joan opposed LINA's motion but did not submit any additional materials. Further, she does not contend that discovery is necessary to decide the instant Motion.

4

from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. See Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987). Hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro, 64 F.3d 962, 967 (4th Cir. 1995).

**2. Analysis**

LINA contends that there is no dispute of material fact and that the administrator's exercise of discretion was reasonable as a matter of law. (Def.'s Opp. at 7-8.) The Court agrees.

The standard of review for abuse of discretion is reasonableness. See Firestone Tire & Rubber Co., 489 U.S. at 111. An administrator's decision is reasonable if "it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." Bernstein v. Capitalcare, Inc., 70 F.3d 783, 788 (4th Cir. 1995) (citing Baker v. United Mine Workers of Am. Health & Retirement Funds, 929 F.2d 1140, 1144 (6th Cir. 1991)). The administrator's decision must reflect careful attention to the actual language of the plan and the requirements of ERISA. See Booth v. Wal-Mart Stores Inc., 201 F.3d 335, 342 (4th Cir. 2000).

It is undisputed that John became eligible for the Policy on May 6, 2008, when he and Joan finalized their divorce. (Def.'s Opp. 6.) It is also undisputed that John did not elect the Policy until July 9, 2008, some sixty days after he became eligible. (Def's Ex. B at KLUGE00082.) The plan provides that if a participant enrolls more than 31 days after he or she becomes eligible to elect coverage "th[e] insurance is effective on the date we agree <u>in writing</u> to provide this coverage." (Def.'s Ex. A at KLUGE00012) (emphasis added). Further, if an enrollment form for supplemental life insurance is received after the 31 day period, a participant

5

must satisfy the "Insurability Requirement" before LINA will agree to provide coverage.[3] (Def.'s Ex. A at KLUGE00012.)

Here, it is undisputed that John never fulfilled the Insurability Requirement and that LINA never agreed in writing to provide coverage. Nevertheless, Joan contends that LINA was obligated to pay her benefits because it deducted premiums from John's monthly salary. (Am. Compl. at ¶¶ 4, 6-7.) Under Fourth Circuit law, however, it is well established that acceptance of premiums does not guarantee coverage under ERISA. See Gagliano v. Reliance Std. Life Ins. Co., 547 F.3d 230, 239 (4th Cir. 2008) (holding that ERISA does not allow an insurance company to waive its right to deny coverage by accepting premiums); White v. Provident Life & Acc. Ins. Co., 114 F.3d 26, 29 (4th Cir. 1997) (holding that mistaken acceptance of premiums does not constitute "a waiver of rights in direct conflict with the plain written terms of an ERISA plan").

Ultimately, LINA reasonably denied Joan's claim for benefits. This decision was not an abuse of discretion, and, therefore, LINA is entitled to judgment as a matter of law.

C. **Motion for Attorneys' Fees**

1. **Standard**

LINA also argues that it is entitled to an award of attorneys' fees. In the Fourth Circuit, only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action. See Martin v. Blue Cross & Blue Shield of Va., Inc., 115 F.3d 1201, 1210 (4th Cir. 1997). Courts in the Fourth Circuit consider five factors in awarding attorneys' fees. See Quesinberry v. Life Ins.

---

[3] According to the Plan, "[a]n eligible person satisfies the Insurability Requirement for an amount of coverage on the day we agree in writing to accept [the participant] as insured for that amount. To determine a person's acceptability for coverage, we will require [the participant] to provide evidence of good health and may require it be provided at your expense." (Def.'s Ex. A at KLUGE00019.)

6

Co. of North America, 987 F.2d 1017, 1029 (4th Cir. 1993). These factors are:

(1) degree of opposing parties' culpability or bad faith;

(2) ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

Id.

### 2. Discussion

LINA's motion rests heavily on the first and fifth factors. LINA contends that Mr. Richard Jaklitsch, Joan's counsel, acted in bad faith and without merit for two reasons. First, because he filed an amended complaint without first seeking LINA's consent, as required by law. See Fed. R. Civ. P. 15; Local Rule 103.6 (D. Md. 2008). Second, because he declined to dismiss the Amended Complaint, even though, as a matter of law, LINA was not obligated to provide benefits to Joan.

Ultimately, LINA makes a compelling argument for an award of attorneys' fees. Nevertheless, there are three reasons why the Court will not make a full award in this case. First, there is a disagreement between counsel on whether Mr. Jaklitsch sought LINA's consent before filing the Amended Complaint.[4] Further, the Court granted the Motion to Amend, concluding

---

[4] LINA avers that Mr. Jaklitsch "proceeded blindly to move for leave to file an Amended Complaint." (Def.'s Opp. at 10.) Mr. Jaklitsch avers that he made two telephone calls to LINA. (P.'s Reply at 1-2.)

7

that the amendment was appropriate as presenting Joan's most polished theory of the case. Second, ERISA is a technical statute with which most attorneys are unfamiliar. Third, the case turns on a counter-intuitive principle, namely that the retention of premiums does not create coverage. Were Mr. Jaklitsch an ERISA specialist, an award of attorneys' fees would be in order.

Mr. Jaklitsch can be faulted for failing to investigate whether John fulfilled the Insurability Requirement. Had Mr. Jaklitsch recognized that John never fulfilled the requirement, he would have understood that Joan's only claim was estoppel based on the retention of premiums. Further, had Mr. Jaklitsch done the necessary research, he would have discovered the abundance of Fourth Circuit case-law on estoppel discussed above.

Nevertheless, the Court will not award attorneys' fees because Mr. Jaklitsch did not act with apparent bad faith. Further, the case was disposed of at an early stage without the expenditure of significant resources by either party.

The Court will, however, require Mr. Jaklitsch to reimburse Joan for any filing fees she may have paid. Costs (but not attorneys' fees) are assessed against Plaintiff, and Mr. Jaklitsch, rather than his client, must pay the costs, which given the early disposition of the case, will be modest. Mr. Jaklitsch must advise the Court within thirty days that this has been done.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order of even date, GRANT Joan's Motion for Leave to Amend; GRANT LINA's Motion for Summary Judgment; and ORDER Mr. Jaklitsch to reimburse Plaintiff for any filing fees she may have paid, to pay LINA's costs, and to advise the Court within thirty days that this has been done.

Dated this 21st day of June, 2010.

                                                                                  /s/
Benson Everett Legg
United States District Judge